IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MAGNOLIA GARDEN CONDOMINIUMS, LLC**                                              **PLAINTFF**

**VERSUS**                                                          **CIVIL ACTION NO. 1:07cv1257KS-MTP**

**THE CITY OF WAVELAND, MISSISSIPPI**                                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss **[#5]** and on a Motion to Stay Proceedings **[#18]** filed on behalf of the defendant. The court, having reviewed the motions, the responses, the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motions are not well taken and should be denied. The court specifically finds as follows:

## FACTUAL BACKGROUND

Magnolia Garden Condominiums, LLC ("Magnolia") filed the present action against the City of Waveland on December 14, 2007, seeking a Declaratory Judgment, Preliminary and Permanent Injunctions, Damages, and Attorneys Fees, stemming from Waveland's purported refusal to grant Magnolia permission to build an 88-unit condominium development within the city limits (hereinafter referred to as the "Project").

The plaintiff contends that the portions of the City zoning ordinance which govern

density of multi-family dwellings in R-3 areas are ambiguous and internally contradictory, and thus in anticipation of seeking approval for its Project, in summer 2007, Magnolia asked for a meeting with City officials to determine whether Magnolia's proposed project would be permissible.  The plaintiff alleges that at this meeting, after reviewing the plans, City officials informed Magnolia that, under their interpretation of the ordinance, Magnolia's 88 unit project would be permissible.  City officials also stated that the next step in the approval process would be to bring the project before the City's Board of Aldermen for approval and informed Magnolia representatives that they would see that the matter was placed on the agenda of the August 2007 board meeting.

There is a dispute as to whether the 88 unit project was or was not approved at the August 2007 meeting of the Board of Aldermen.  The minutes of the meeting are ambiguous.  Magnolia's position is that the Board voted to approve the 88 unit project and persons who were present at the meeting have provided affidavits to that effect. Indeed, shortly after the meeting, the Mayor informed Magnolia's representative that the Board had voted to approve the project and, acting on the Mayor's instructions, Mr. Ron Calcagno, the City's public works director, wrote Magnolia's lender, the Mississippi Home Corporation ("MHC"), to confirm that the Board had approved the project.  The plaintiff asserts that In reliance on this letter, Magnolia and MHC closed their financing and undertook the preliminary steps to commence the project.  Magnolia expended approximately $800,000 grading and filling the property, and applied for a construction permit after the financing was closed.

Public opposition arose after Magnolia began preparing for construction of the Project and, according to the plaintiff, the City changed its position.  Under the

allegations of the Complaint, the City now offers an interpretation of the density requirements of the zoning ordinance which is materially different from the interpretation which the City provided to Magnolia representatives during the summer 2007 meeting.  Under the City's original interpretation of the ordinance as argued by the plaintiff, Magnolia's project is permissible while under the City's present interpretation of the ordinance, Magnolia's project is not.

Asserting that the Project had never been approved, the City placed the issue of Magnolia's building permit for the Project on the December 2007 Board Agenda.  At that meeting, the plaintiff offered a modification of the Project by reducing it to 72 units.  According to the plaintiff, this project was rejected as not in compliance with the density requirements of the City Zoning Ordinance, and by implication, so was the 88 unit Project.  As a result, Magnolia filed a bill of exceptions in state court and also filed this suit in federal court alleging that the density requirement of the ordinance is unconstitutionally vague and unenforceable; that the City applied the ordinance in such a fashion as to deprive Magnolia of due process and equal protection; and that the City's actions constitute an illegal taking of Magnolia's property without just compensation.  As previously stated, Magnolia seeks a declaratory judgment finding the zoning ordinance to be unconstitutional, preliminary and permanent injunctions, damages, and attorney fees.

The City has moved to dismiss all of Magnolia's claims for failure to exhaust administrative remedies.[1] The City asserts that no vote was taken at either the August

---

[1] The City has also moved to dismiss for insufficiency of service of process.  That problem has been cured by new service and that portion of the motion is now moot.

2007 meeting or the December 2007 meeting regarding the 88 unit Project.  The City''s contention is that the only decision made by the City, to this point, is a December 10, 2007 decision to deny Magnolia's request for a building permit for the 72 unit project. The City argues that Magnolia had 60 days from that decision to exhaust state remedies by appealing this decision to the Board of Adjustment, followed by an additional appeal through the state court system via a bill of exceptions filed pursuant to Miss. Code Ann. § 11-51-75.  The City contends that, until the appeal is complete, Magnolia may not proceed in federal court.

Specifically, the City contends that Magnolia has not exhausted its administrative remedies available under the Waveland Zoning Ordinance, and, in fact, currently has an appeal to the Waveland Board of Adjustment and separate applications for a Variance or Special Exception for its proposed development.  Further, Magnolia is currently appealing Waveland's decision to deny a building permit for the 88-unit development, as well as applying for a Variance and/or Special Exception to the Zoning Ordinance.[2]  The defendant argues this matter should be stayed based on: 1) Section 1004 of the Waveland Zoning Ordinance; 2) in the interest of judicial economy; and 3) abstention.

Section 1004 of Waveland's Zoning Ordinance titled "Stay of Proceedings" states that "An appeal stays all legal proceedings in furtherance of the action appealed

---

[2]  While this matter was pending, the plaintiff indeed filed the required appeal of the December decision.  A hearing before the Board of Adjustment was held on the matter on or about March 14, 2008. While no formal decision has been rendered, the parties advise the court that the decision to deny the building permit for the 72 and/or 88 unit Project was affirmed upon a finding that it was not in compliance with the City Zoning Ordinances.  The plaintiff is in the process of seeking a zoning variance on the Project with a hearing to be set in the next 60-90 days, and is also pursuing appeal rights through the state court system.

from." According to the defendant, by filing its Notice of Appeal and Requests for a Variance and/or a Special Exception, Magnolia activated the automatic stay which is built into Waveland's Zoning Ordinance at §1004. Thus, the City argues that all legal proceedings, including the instant action, should be stayed until Waveland has had time to evaluate and render a decision on Magnolia's appeal and requests currently before it.

In response, the plaintiff argues that a city cannot enact legislation which materially governs a federal court proceeding. The court agrees. Whether an action is to be stayed or not in federal court is strictly a matter governed by federal procedural law, not by a municipal zoning ordinance.

The City next argues that the matter should be stayed in the interest of judicial economy. In support of this argument, the City points out that at the heart of all the proceedings filed in this court, the State Court Action, and the various appeals and requests for a Variance or a Special Exception with the City of Waveland, is Magnolia's desire to build the proposed 88-unit development and as such, this legal proceeding is nothing more than a hotly-contested zoning dispute which is still pending before the City of Waveland Board of Aldermen and the Waveland Planning and Zoning Commission. The City continues that until Magnolia's appeal to the Waveland Board of Aldermen has been heard, or, in the alternative, Magnolia's application for a Variance or Special Exception has been considered, litigation of this dispute in the present federal court action is premature and constitutes a waste of judicial resources. Finally, the City points out that the pending administrative proceedings at the municipal level, Magnolia's Notice of Appeal, Request for a Variance, and/or the Request for a Special Exception may render Magnolia's claims in the instant action moot.

"Granting a stay is within the court's discretion and a stay is appropriate when it serves the interests of judicial economy and efficiency." *Hood v. Microsoft Corp.*, 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006). *See also Eaton Vance Municipals Trust v. Conegie*, Civil Action No. 4:06CV117-P-B, 2007 WL 1484539 at *1 (N.D. Miss. May 18, 2007) (holding that when the outcome of an appeal of a similar case could be dispositive on the case at bar, "the interests of judicial economy and efficiency militate in favor of a stay."). However, a federal court has a duty to adjudicate cases which are within its jurisdiction. The fact that state proceedings are pending in the same matter is not a sufficient reason for the federal court to abdicate its duty. *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280, 125 S.Ct. 1517, 1526-7, 161 L.Ed.2d 454 (2005):

> This Court has repeatedly held that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction (citations omitted)

A stay of the federal proceedings should only be granted if "exceptional circumstances" warrant such an action and the party who seeks the stay has the burden to demonstrate that "exceptional circumstances" exist. *American Guarantee & Liability Insurance Company*, 408 F.3d 248 (5th Cir. 2005).

The plaintiff also argues that it is seeking relief in this action which is not available in the state court action nor before the City. Specifically, the plaintiff is seeking a declaration that the City Zoning Ordinance at issue is unconstitutional on its face and as applied and that the City has failed to provide due process of law and equal protection of the laws to the plaintiff in the erroneous and ambiguous application of the

Ordinance at issue. Clearly, such relief is not available in either the City proceedings or in the state court proceedings.

Finally, the defendant contends that this court should refrain from hearing this matter under, ostensibly, the doctrine of abstention as recognized by *Younger v. Harris*, 401 U.S. 37 (1971)("Younger abstention"), and as expanded to state civil and administrative proceedings by later Supreme Court cases. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987); *Ohio Civ. Rights Comm'n v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 113 (1982).).

The Supreme Court has developed a broad three part test for determining when a court should abstain under *Younger*. In order to prevail, the moving party must show; (1) the state proceedings "constitute an ongoing state judicial proceeding"; (2) that the state "proceedings implicate important state interests"; and, (3) that there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116, 125 (1982). These abstention standards were discussed and expanded in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and refined in *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). *See Safety Nat. Cas. Corp. v. Bristol-Myers Squibb Co.* 214 F.3d 562, 564 (5th Cir. 2000).

Under the *Colorado River* doctrine, this court may abstain from hearing a case in

only "exceptional circumstances." *See Kelly Inv., Inc. v. Cont'l Common Corp.,* 315 F.3d 494, 497 (5th Cir.2002). There are six factors which have been developed from *Colorado River* and its progeny to assist the court in determining if exceptional circumstances exist so as to allow the court to abstain from hearing a particular action. Those six factors are: (1) assumption by either state or federal court over a *res*; (2) relative inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent forum; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Stewart v. Western Heritage Ins. Co.* 438 F.3d 488, 491 (5th Cir. 2006); *see also, Colorado River*, 424 U.S. at 818, 96 S.Ct. 1236; *Moses H. Cone*, 460 U.S. at 23, 103 S.Ct. 927.

However, "the decision whether to dismiss (or stay) a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. 927. Further, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813, 96 S.Ct. 1236.

Applying the above factors to the facts of this case, it is abundantly clear that the court should not abstain from hearing this action or to stay it pending resolution of the state court proceedings. There are no exceptional circumstances which warrant abstention or a stay. This is not to say that the court will ultimately rule in favor of the plaintiff on issues which are ultimately to be decided by the state proceedings, only that

the case will be allowed to proceed to the point where the court can make such a decision so that ultimate resolution of the case will not be unnecessarily delayed.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#5]** and the Motion to Stay Proceedings **[#18]** filed on behalf of the defendant are each Denied.

SO ORDERED AND ADJUDGED this the 27th day of March, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE