IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MAGNOLIA GARDENS CONDOMINIUMS, LLC**

                                                      **PLAINTIFF**

**v.**                                                             **No. 1:07cv1257-KS-MTP**

**THE CITY OF WAVELAND**                                             **DEFENDANT**

## ORDER GRANTING MOTION TO COMPEL DISCOVERY

This matter is before the court on the defendant's motion to compel discovery [63] and the court having considered the matter finds that the motion should be GRANTED.[1]

This discovery dispute arises out of plaintiff's responses and supplemental responses to an interrogatory and a related document request propounded by defendant on June 6, 2008. Specifically, in response to Interrogatory 11,[2] which requested that plaintiff itemize its damages and identify each supporting fact, document and person to support its damages, plaintiff produced two itemizations of damages, one for Peter Stalland and the other for Elmer Cook (plaintiff's principals). *See* ecf. docs. 64-2, 64-3. Defendant argues that plaintiff's response to its request is insufficient because although plaintiff did attach documents purportedly representing its damages, it did not produce bank ledgers from its bank accounts, canceled checks or other similar documents from financial institutions verifying that the alleged costs and damages were actually

---

[1] The court notes that the timeliness of the instant motion is somewhat suspect, as it was filed on October 17, 2008 - the last day of discovery - and Rule 7.2(B)(2) of the Local Rules requires that discovery motions "be filed sufficiently in advance of the discovery deadline so as to not affect the deadline." Plaintiff has not raised this issue.

[2] The related document request (No. 4) requested the production of all documents referenced in plaintiff's response to Interrogatory 11. In response, plaintiff attached the documents identified in its Supplemental Response to Interrogatory 11.

incurred by Mr. Cook.  Rather, the only document produced relating to Mr. Cook's expenses, entitled "Magnolia gardens expenses paid by Elmer," is a computerized summary document listing Mr. Cook's purported expenses.  *See* ecf. doc. 64-3 at 25-32.  Accordingly, defendant requests that plaintiff be ordered to produce the cancelled checks and/or receipts in support of the nine pages of alleged expenses entitled "Magnolia Garden Expenses paid by Elmer."

Defendant is certainly entitled to the documentation supporting expenses plaintiff claims to have incurred and for which it is seeking damages in this lawsuit.  Indeed, these documents should have been produced by plaintiff long ago.  Therefore, IT IS ORDERED:

1. Defendant's motion to compel discovery [63] is granted.  On or before November 10, 2008, plaintiff shall produce the cancelled checks[3] and/or receipts (if any) in support of the nine pages of alleged expenses entitled "Magnolia Garden Expenses paid by Elmer" contained in ecf doc. no. 64-3 at 25-32.

2. As this information will be provided after the present discovery deadline, the discovery deadline is extended to November 10, 2008 for this limited purpose.  All other existing case deadlines shall remain in effect.

SO ORDERED this 29th day of October, 2008.

s/ Michael T. Parker
United States Magistrate Judge

---

[3] In response to the motion, plaintiff points out that the cancelled checks can be subpoenaed by the defendant directly from plaintiff's bank.  However, this does not obviate plaintiff's obligation under the Rule 34 of the Federal Rules of Civil Procedure to produce all responsive documents in its "possession, custody or control," which would include its canceled checks and other bank records.  *See*, *e.g.*, *Engel v. Roseland*, 2007 WL 2903196, at * 4 (N.D. Ind. Oct. 1, 2007) (citations omitted) ("[W]hen, as is most likely the case, a person has a contractual right to obtain copies of his or her bank statements, the party is in control of those documents and must produce them in response to a request under Rule 34."); *cf. Thomas v. Deloitte Consulting LP*, 2004 WL 1372954, at * 4 (N.D. Tex. June 14, 2004) (holding that Rule 45(a) requires a person served with a subpoena to obtain bank statements and checks from their bank)