**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MAGNOLIA GARDEN CONDOMINIUMS, LLC**                          **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 1:07cv1257KS-MTP**

**THE CITY OF WAVELAND, MISSISSIPPI**                               **DEFENDANT**

## **ORDER ON TAXATION OF COSTS AND ATTORNEY FEES**

This matter is before the court on a Motion for Additional Attorney Fees and the Taxation of Costs **[#s 157 & 160]** and on a Bill of Costs **[#159]** filed by the plaintiff on September 11 and 14, 2009. The court has reviewed the Motion and Bill of Costs submitted by the plaintiff and notes no objections have been submitted on behalf of the defendant. After careful consideration of the matter, the court finds as follows, to wit:

This court, after a four day Bench Trial, entered its judgment in favor of the plaintiff on September 1, 2009 awarding damages, attorney fees under 42 U.S.C. 1988 and ordered that costs be taxed to the defendant. At trial, Peter Stalland, the corporate representative of the plaintiff, testified that Magnolia Garden Condominiums had incurred attorney fees in the amount of $70,000 up until the date the trial started. The defendant accepted this figure as correct and this court awarded that amount as attorney fees in the final judgment. The plaintiff is now seeking costs incurred during the entire case and additional attorney fees incurred during the trial of this matter.

Rule 54 of the Federal Rules of Civil Procedure provides that the prevailing party shall be entitled to recover his costs. That Rule specifically states:

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . ..

Rule 54(d)(1), Fed.R.Civ.P.

The costs which can be imposed under Rule 54 are defined by 28 U.S.C. § 1920 which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) fees of the clerk and marshal;
>
> (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) fees and disbursements for printing and witnesses;
>
> (4) fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) docket fees under § 1923 of this title;
>
> (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

Additionally, in a case in which attorney fees are awarded pursuant to 42 U.S.C. 1988, a prevailing plaintiff is entitled to recover all reasonable out of pocket expenses which would normally be charged to a fee paying client. *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Board*, 919 F.2d 374, 380 (5th Cir. 1990).

The plaintiff has filed a Bill of Costs totaling $15,564.68 with $10,003.00 of that amount categorized as "other costs" and are in fact additional attorney fees. Thus, $5,561.68 are itemized as costs of the action. The plaintiff has filed detailed billing

statements and receipts for the payment of the itemized costs, detailed billing statements for the additional attorney fees and appropriate affidavits supporting all submissions. The plaintiff has provided sufficient justification and documentation to support the reasonableness and necessity of all of the costs requested.

The court will therefore only briefly review each item of the Bill of Costs and state what is properly taxable under § 1920. This court notes that "courts are not accountants and [parties] should not be tagged with either costs or expense bills that are horseback estimates. Those who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F. 2d 1087, 1099 (5th Cir. 1982), overruled on other grounds, *International Woodworkers of America, AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.* 790 F.2d 1174 (5th Cir. 1986). The plaintiff has amply complied with this admonition.

Fees for service of summons and subpoenas are generally an allowable costs and a review of the subpoenas served in this case leads the court to the conclusion that such are properly allowable in this matter in the amount of $612.50. Likewise, fees of the clerk are generally allowable and the plaintiff is awarded $365.00 as costs for payment to the clerk of court for the filing fee.

The next category is fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case. The plaintiff has itemized costs of $2,979.55 for this category. Under the itemization supporting this category, the plaintiff sets out the costs of original depositions for the witnesses deposed to prepare and present the case.

The cost of original depositions are usually recoverable by the prevailing party.

3

As the Fifth Circuit has stated, "the more equitable as well as more practical view is to allow the recovery of such expense if the taking of the deposition is shown to have been reasonably necessary in the light of facts known to the counsel at the time it was taken." *Copper Liquor*, 684 F.2d at 1099. A separate panel of the Fifth Circuit has held that "the cost of the original deposition is taxable without any factual findings." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.,* 713 F. 2d 128, 133 (5th Cir. 1983).

Section 1920 specifically provides for the recovery of costs for "any part of the stenographic transcript necessarily obtained for use in the case." The Fifth Circuit has held that, "[c]osts related to the taking of depositions and the copying of documents are allowed if the materials were necessarily obtained for use in the case." *Stearns Airport Equipment Co., Inc. v. FMC Corp.*, 170 F.3d 518,536 (5th Cir. 1999). Further, "it is not required that a deposition actually be introduced in evidence for it to be necessary for a case-as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Id.* (*citing Fogleman v. ARAMCO,* 920 F.2d 278, 285-86 (5th Cir.1991)).

There must be some showing that the taking of a particular deposition was reasonably necessary at the time it was taken for the cost of the original deposition to be properly taxable as part of cost of the action. The plaintiff has amply offered the necessary showing as to why the depositions were taken and why they were reasonably necessary and what they were ultimately used for. The plaintiff is awarded $2,979.55 for this item of costs.

The next category of requested cost is fees for expert witnesses which is itemized and appended as a part of the plaintiff's Bill of Costs in the amount of $404.12. Witness fees are governed by 28 U.S.C. § 1821. In explaining the interrelation of Fed.R.Civ.P. 54(d)(1) (relating to costs other than attorneys' fees), 28 U.S.C. § 1920 (listing "costs" that may be taxed by a federal court), and 28 U.S.C. § 1821 (authorizing *per diem* and travel expenses for witnesses), the Supreme Court has held "that when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987)[1] Thus, expert witness fees in excess of the standard witness *per diem* and travel allowances cannot be taxed as costs unless there is a specific statutory provision which allows such. *See also Leroy v. Houston*, 831 F.2d 576, 584 (5th Cir.1987). The plaintiff has properly requested authorized witness fees and *per diems* for its witnesses and is awarded $404.12 as costs.

The next item for which the plaintiff seeks to recover costs for is "fees for exemplification and copies of the papers necessarily obtained for use in the case" in the amount of $830.82 which is itemized and appended to the plaintiff's Bill of Costs. These costs are specifically provided for by § 1920 to the extent that they were

---

[1] The wording of Rule 54(d)(1) has been slightly amended since *Crawford*. Compare Fed.R.Civ.P. 54(d)(1) (2001) with *Crawford*, 107 S.Ct. at 2497. But the operative language remains substantially the same in pertinent part. In relevant part, current Rule 54(d)(1) reads: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The *Crawford* Court explained that § 1920 defines "costs" as used in Rule 54(d)(1) and enumerates the expenses that a federal court may tax as costs. *Crawford*, 107 S.Ct. at 2497. Section 1920 permits compensation for expert witnesses only when those witnesses are appointed by the court. 28 U.S.C. § 1920(6).

necessary for preparation of the case. The court awards costs for this category in the amount of $830.82. Likewise, the plaintiff has requested fees for disbursements and printing in the amount of $369.69 and has properly supported this request. The plaintiff is awarded costs for this item in the amount requested.

Finally, the plaintiff asserts that the amount of attorney fees testified to at trial and awarded in the judgment entered September 1, 2009 (seventy thousand dollars) represents the amount of attorney fees incurred through the close of business on August 24, 2009. The court concurs in that assertion. Thus, the plaintiff claims additional attorney fees have been incurred during the time period beginning with the commencement of business on August 25, 2009 through the conclusion of business on September 9, 2009 and that the plaintiff is entitled to an additional award to compensate for those fees. 54. Once again, the court concurs and finds that the plaintiff has provided sufficient documentation to support its request.

A prevailing party is entitled to recover his reasonable attorney fees and costs for claims brought under 42 U.S.C. § 1983 pursuant to 42 U.S.C. § 1988. "This Circuit uses the 'lodestar method' to calculate attorney's fees. Thus, in assessing attorneys' fees, the Court has stated that the district court must examine the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Pride Ford Lincoln Mercury, Inc. v. Motors Ins. Corp.*, 80 Fed. Appx. 329, 332 (5th Cir. 2003)(citing *Riley v. City of Jackson*, 99 F.3d 757, 706 (5th Cir. 1996)). After doing so, the lodestar is "calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Singer v. City of Waco*, 324

F.3d 813, 829 (5th Cir. 2003).

The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d at 719.

The court finds that Attorney Healy and his associates possessed the requisite experience, skill and ability to pursue the claims of the plaintiff and that they invested substantial time, effort and labor in the effort and were thereby precluded from other employment during the trial of this matter. The court finds that the rate requested and the hours expended are reasonable and that the plaintiff is entitled to additional attorney fees in the amount of $10,003.00.

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff's Motion for Additional Attorney Fees and the Taxation of Costs **[#s 157 & 160]** is granted and the plaintiff is entitled to a recovery of costs in the amount of $$5,561.68 and attorney fees of $10,003.00, for which let execution issue.

SO ORDERED AND ADJUDGED this the 23rd day of November, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE